UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

BRIDGEPORT MUSIC, INC., et al., )
                                )
        Plaintiffs,              )
                                )
            v.                   )   NO. 3:01-1149
                                )   Judge Campbell/Brown
MAD BALL MUSIC, et al.,          )
                                )
        Defendants.              )

**TO: The Honorable Todd J. Campbell**

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

The plaintiffs in this case have filed a motion for judgment by default against the defendant, Mad Ball Music (Docket Entry No. 32).

For the reasons stated below, the Magistrate Judge **recommends** that the plaintiffs, Bridgeport Music, Inc. and Westbound Records, Inc.'s motion for default judgment against the defendant, Mad Ball Music (Docket Entry No. 32), be **granted** and the District Judge enter the order of default against the defendant, as set forth in the proposed order which is attached to this Report and Recommendation.

### II. BACKGROUND

The plaintiffs in this cause of action originally filed suit against a number of defendants alleging various violations of the copyright law. <u>Bridgeport Music, Inc. v. 11C Music, et al.</u>, Case No. 3:01-0412. Service of process was obtained on the

defendant, Mad Ball Music in the present case by personal service (Docket Entry No. 9) on October 22, 2001. The plaintiffs filed a motion for entry of default and default judgment, supported by a memorandum of law and affidavit of Tillie Smith (Docket Entry Nos. 11 and 12) on January 14, 2002.

On January 18, 2002, default was entered against Mad Ball Music (Docket Entry No. 14).

Proceedings in this case were stayed on February 11, 2002 (Docket Entry No. 17) by Judge Higgins. The stay was lifted on January 27, 2006. Dispositive motions were referred to the undersigned for a Report and Recommendation and the case was set for trial on December 5, 2006 (Docket Entry No. 28).

The plaintiffs filed their motion for judgment by default (Docket Entry Nos. 33), supported by a memorandum of law (Docket Entry No. 34), an affidavit of Heidi White concerning service of process in the matter (Docket Entry No. 34, Exh. A), and an affidavit of Jane Peterer, president of Jane Peterer's Music Corporation (Docket Entry No. 35), who has been Bridgeport's administrator for publishing for over 20 years.

The plaintiff requests as relief (1) the defendants be found liable for copyright infringements; (2) the defendants be found liable for wilful infringement; (3) the defendants be enjoined from further violations; (4) the defendants be required to deliver for impoundment the infringing materials; (5) the defendants be required to pay the cost of this action, including

2

reasonable attorneys' fees; (6) a declaratory judgment be entered that the plaintiffs owns the copyrights in the infringing compositions and sound recordings; and (7) that they be awarded judgment interest from May 4, 2001 (Docket Entry Nos. 11 and 32).

In her affidavit (Docket Entry No. 35), Ms. Peterer concludes that the defendant had sampled the plaintiffs' work as alleged, and as an expert in the area and administrator of the publishing business of Bridgeport Music, she also sets forth in general terms how the industry works and explained that, because the plaintiffs did not know the actual sales of the defendant's works which copied theirs, they were unable to determine actual damages and therefore requested statutory damages.

In addition, Ms. Peterer's affidavit supports Bridgeport's theory that they are entitled to 100% ownership of the entirety of the defendant Mad Ball Music's ownership interest in and to the copyright and masters of the sound recording "Western Hills Funk".

### III. LEGAL DISCUSSION

Inasmuch as the defendant, Mad Ball Music has failed to respond in any way to these proceedings, and in particular to the motion for default judgment, the Court may take the motion as unopposed under the Court's Local Rules.

Plaintiff had previously requested a jury trial in this matter, however, they have now expressly waived any right to a jury trial (Docket Entry No. 37).

3

From the pleadings, it appears clear that the defendant corporation is neither an infant, incompetent, or in the military service.

It further appears that the plaintiff has been denied the right to learn actual profits that the defendant may have earned from the defendant's improper use of the plaintiffs' works. Accordingly, the plaintiffs request for statutory damages in lieu of actual damages appears reasonable. In addition, under 17 U.S.C. § 503, they are entitled to have delivered up for impoundment the various infringing materials involving "Western Hills Funk" from plaintiffs' work "Mothership Connection (Star Child)," "Nappy Dugout" and "Bop Gun (Endangered Species)."

The Court's Order should, however, not be construed as to allow the impoundment of any property not in the possession of the defaulting defendant.

The plaintiffs have further claimed the right to the copyright of the infringing sound recording and the masters of the infringing sound recordings that the defendant had such rights. See memorandum filed in the case of <u>Bridgeport Music, Inc. et al. v. Tommy Boy Music, et al.</u>, Case No. 3:01-1091 (Docket Entry No. 56). In view of the lack of opposition, the Magistrate Judge agrees with the plaintiffs' position in this matter, and accordingly believes that they are entitled to this relief as well. The plaintiffs are not, however, entitled to acquire any rights beyond that held by the defaulting defendant.

4

Additionally, any default judgment entered against this defendant should not effect payments made by any third parties to Mad Ball Music prior to the effective date of a default judgment entered against Mad Ball Music and actual notice to such third parties.

A proposed order of default judgment against Mad Ball Music is attached to this Report and Recommendation.

## IV. RECOMMENDATION

For the reasons stated above, the Magistrate Judge **recommends** that the plaintiffs, Bridgeport Music, Inc. and Westbound Records, Inc.'s motion for default judgment against the defendant, Mad Ball Music (Docket Entry No. 32), be **granted** and the District Judge enter the order of default against the defendant, as set forth in the proposed order which is attached to this Report and Recommendation.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn,

5

474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), reh'g denied, 474 U.S. 1111 (1986).

  **ENTERED** this 19th day of April, 2006.

            /s/ Joe B. Brown
            JOE B. BROWN
            United States Magistrate Judge